## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAURA GREEN, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. RDB-24-2567 |
| iMENTOR, INC., | * | |
| *Defendant.* | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

In this case, Plaintiff Laura Green ("Ms. Green") claims that her former employer, Defendant iMentor, Inc. ("iMentor"), violated state and federal anti-discrimination statutes by discriminating against her based on her race and sex. *See generally* (ECF No. 1). Ms. Green initiated this action on September 4, 2024, approximately two years after her termination, by filing in this Court a twelve-Count Complaint against iMentor. *See* (*id.*). iMentor timely filed a Motion to Dismiss (ECF No. 17), which this Court granted in part and denied in part by Memorandum Opinion (ECF No. 27) and Order (ECF No. 28) dated August 8, 2025. Specifically, this Court dismissed with prejudice all Counts of Ms. Green's Complaint except Count XI, which alleges racial discrimination in violation of 42 U.S.C. § 1981. (ECF No. 1 at 17–18.) On August 22, 2025, iMentor timely filed its Answer to Count XI. (ECF No. 29.)

Presently pending before this Court is Ms. Green's Motion for Reconsideration (ECF No. 31) ("Ms. Green's Motion"), filed September 5, 2025, in which she seeks reconsideration of this Court's dismissal with prejudice of five Counts of her Complaint that allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (ECF No. 31 at 5–6.) In

brief, Ms. Green contends that this Court committed clear error causing manifest injustice by (1) holding that she abandoned her Title VII retaliation and harassment claims in Counts I, III, and V, (*id.* at 5–6); and (2) dismissing with prejudice her claims of hostile workplace environment in violation of Title VII as alleged in Counts VII and IX, (*id.* at 6). In Opposition (ECF No. 35), iMentor argues that the Court should deny Ms. Green's Motion as untimely or baseless, and it asks the Court to award attorneys' fees incurred in responding to Ms. Green's Motion. (*Id.* at 2–6.) On October 3, 2025, pursuant to iMentor's request, this Court entered an Order staying discovery pending resolution of Ms. Green's Motion. *See* (ECF No. 38). The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Ms. Green's Motion for Reconsideration (ECF No. 31) is DENIED, and Defendant's request for attorneys' fees is DENIED.

## BACKGROUND

In its Memorandum Opinion dated August 8, 2025, the Court detailed the factual and procedural background of this case. (ECF No. 27 at 3–6.) The facts need not be repeated in full here, and the Court provides only a brief overview of relevant facts below. At this pleading stage, the Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiff's Complaint (ECF No. 1) and accepted as true for the purpose of Ms. Green's Motion for Reconsideration of this Court's dismissal with prejudice of the Title VII claims in Counts I, III, V, VII, and IX.

In February 2019, iMentor hired Ms. Green, a 53-year-old, African American woman, as Executive Director of a new region, which included Baltimore. (ECF No. 1 ¶¶ 6, 15.) Ms. Green alleges that she was the "lowest-paid" Executive Director and faced other discriminatory conduct based on her race and gender.[1] (*Id.* ¶¶ 6–19.) Ms. Green specifically alleges that her supervisor, Derek Smith ("Mr. Smith"), unlawfully harassed her and "was verbally hostile toward[] her as a female employee" during weekly individual, or one-to-one, check-ins. (*Id.* ¶¶ 9, 13.) On separate occasions, Ms. Green formally complained to iMentor's Chief Operation Officer ("COO") and Chief Executive Officer ("CEO"), but Human Resources ("HR") repeatedly failed to take formal action. (*Id.* ¶¶ 10–14.) Ms. Green further alleges that, despite "documented history of providing timely and supportive feedback regarding performance concerns," she was only notified of the CEO's "recent concerns regarding [iMentor] Baltimore" by email on June 28, 2022. (*Id.* ¶ 15.) In a meeting on June 30, 2022, the CEO and "CTEO"[2] presented her with a separation agreement, "effectively terminating her employment." (*Id.* ¶¶ 17–18.) Ms. Green alleges that she was "not the first African American woman" to be "treated differently [by iMentor] because of their race and gender." (*Id.* ¶¶ 19, 6–8, 12.)

On March 13, 2023, Ms. Green filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 20); *see* (ECF No. 17-2 at 2). The EEOC was unable to conclude that there was reasonable cause to believe discrimination occurred. Accordingly, Ms. Green

---

[1] Ms. Green alleges that she was the "only black female Executive Director" and that the other Executive Directors—of New York City, Chicago, and the Bay Area—were "two white males and one Hispanic male." (ECF No. 1 ¶ 6.)

[2] Ms. Green's proposed Amended Complaint appears to define this acronym as referring to a "Chief Talent & Equity Officer." (ECF No. 37 at 4.)

received a Notice of Right to Sue from the EEOC on June 6, 2024 (ECF No. 1 ¶ 20).[3] On September 4, 2024, Ms. Green filed her twelve-Count Complaint in this Court against iMentor alleging claims of discrimination, retaliation, and harassment under federal and Maryland law. (*Id.*) Specifically, she alleged gender/sexual harassment/discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count I); gender/sexual harassment/discrimination in violation of the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-601, *et seq.* ("MFEPA") (Count II); racial discrimination in violation of Title VII (Count III) and MFEPA (Count IV); retaliation in violation of Title VII (Count V) and MFEPA (Count VI); hostile workplace environment based on racial discrimination in violation of Title VII (Count VII) and MFEPA (Count VIII); hostile workplace environment based on gender discrimination in violation of Title VII (Count IX) and MFEPA (Count X); discrimination in violation of 42 U.S.C. § 1981 (Count XI); and wrongful discharge in violation of Maryland public policy (Count XII).

In response, iMentor filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] (ECF No. 17.) On August 8, 2025, this Court issued its Memorandum Opinion and Order granting in part and denying in part iMentor's Motion. (ECF Nos. 27; 28.) This Court dismissed three of Ms. Green's Title VII claims (Counts I, III, V) because she abandoned those claims by failing to argue that they were not time-barred (ECF No. 27 at 10).

---

[3] The EEOC only issues Notice of Right to Sue letters if it is unable to conclude that there is reasonable cause to believe discrimination occurred. If the EEOC had concluded that there was reasonable cause to believe discrimination occurred, the parties would have received Letters of Determination. *See What You Can Expect After a Charge is Filed*, U.S. Equal Emp. Opportunity Comm'n, https://www.eeoc.gov/employers/process.cfm.
[4] Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for the "failure to state a claim upon which relief can be granted."

The Court also dismissed Ms. Green's state-law MFEPA claims for Discrimination, Retaliation, and Hostile Workplace Environment (Counts II, IV, VI, VIII, X) because she failed to administratively exhaust those claims. (*Id.* at 14.) Next, the Court dismissed Ms. Green's Title VII Hostile Workplace Environment claims (Counts VII, IX) because she failed to plead sufficient facts to allege racial discrimination, (*id.* at 19–20), or discrimination that was severe and pervasive, (*id.* at 21–23). Lastly, the Court dismissed Ms. Green's Wrongful Discharge claim (Count XII) because she has adequate statutory remedies available to her such that she cannot state a cause of action for wrongful discharge. (*Id.* at 29.) The Court dismissed these claims with prejudice because Ms. Green failed to file a request for leave to amend her Complaint. (*Id.* at 30.) Alternatively, the Court held that futility was sufficient basis for dismissal with prejudice of Ms. Green's MFEPA and Wrongful Discharge claims because no amendment could correct the deficiencies in those claims, and abandonment was sufficient basis for dismissal with prejudice of her Title VII discrimination and retaliation claims. (*Id.* at 31.) The Court denied iMentor's Motion with respect to Ms. Green's claim of racial discrimination in violation of 42 U.S.C. § 1981 (Count XI). (*Id.* at 28.) On August 22, 2025, iMentor timely filed its Answer to Count XI. (ECF No. 29.)

On September 9, 2025, Ms. Green filed a Motion for Reconsideration (ECF No. 31) ("Ms. Green's Motion" or "Motion for Reconsideration"), arguing that she did not abandon her Title VII discrimination and retaliation claims in Counts I, III, V and that she should have been granted leave to amend her hostile workplace environment claims in Counts VII and IX. On September 19, 2025, iMentor responded an Opposition (ECF No. 35), arguing that Ms. Green's Motion is untimely, fails to comply with the Local Rules, and lacks merit. Ms. Green

filed her Reply (ECF No. 36) on October 3, 2025, and filed a Proposed Amended Complaint (ECF No. 37) on October 4, 2025. Pursuant to iMentor's Status Report (ECF No. 33) filed September 8, 2025, this Court stayed discovery pending resolution of Ms. Green's Motion for Reconsideration. (ECF No. 38.) This matter is now ripe for review.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). As Judge Gallagher of this Court has noted, although "the Fourth Circuit has not clarified the precise standard applicable to motions for reconsideration, . . . courts in this District frequently look to the standards used to adjudicate Rule 59(e) and 60(b) motions for guidance when considering Rule 54(b) motions for reconsideration." *Jahn v. Tiffin Holdings Inc.*, SAG-18-1782, 2020 WL 4559927, at *1 (D. Md. May 13, 2020). Accordingly, motions for reconsideration might be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Or, a motion might be granted "if one of the following is present: '(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief.'" *Jahn*, 2020 WL 4559927, at *2 (quoting *Carrero v. Farrelly*, 310 F. Supp. 3d 581,

6

584 (D. Md. 2018)). While "the court's analysis [may be] guided by Rule 60(b)," the court is "not bound by its strictures." *Cincinnati Ins. Co. v. Fish*, RDB-19-3355, 2022 WL 1225419, *1 (D. Md. Apr. 26, 2022).

Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Peckey v. Bank of Am.*, RDB-14-433, 2016 WL 6951940, at *1 (D. Md. Nov. 28, 2016); *Siple v. First Franklin Fin. Corp.*, RDB-14-2841, 2015 WL 6163791, at *2 (D. Md. Oct. 19, 2015) ("Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" (quoting *TFWS*, 572 F.3d at 194)). "Resolution of the motion is 'committed to the discretion of the district court[.]'" *Ficep Corp. v. Voortman USA Corp.*, Civ. WDQ-13-0429, 2015 WL 1401881, at *3 (D. Md. Mar. 24, 2015) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003)). The moving party additionally faces a "high bar . . . to succeed on a Motion for Reconsideration." *Worsham v. Discount Power*, RDB-20-0008, 2021 WL 5742381, at *2 (D. Md. Dec. 1, 2021).

## ANALYSIS

As an initial matter, the parties dispute which Federal Rules of Civil Procedure govern Ms. Green's Motion. Ms. Green asserts that this Court should reconsider its prior Memorandum Opinion pursuant to Federal Rules 59(e) and 60(b). (ECF No. 31 at 1.) Rule 59(e) authorizes a court to alter, amend, or vacate its prior judgment within 28 days of the date of that judgment. FED. R. CIV. P. 59(e). Rule 60(b) authorizes a court to grant relief from a final judgment within a reasonable amount of time if the moving party demonstrates one of

the reasons for relief enumerated therein. FED. R. CIV. P. 60(b). While both Rules 59(e) and 60(b) require a final judgment, Rule 54(b) applies to "any order or *other* decision, however designated, that adjudicates fewer than all the claims . . . ." FED. R. CIV. P. 54(b) (emphasis added). Rule 54(b) may therefore apply to "[m]otions for reconsideration of interlocutory orders," and such motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe*, 326 F.3d at 514. As explained above, this Court's prior Memorandum Opinion (ECF No. 27) and Order (ECF No. 28) did not finally adjudicate all claims in this case. Accordingly, the Court evaluates Ms. Green's Motion for Reconsideration under Rule 54(b).[5] *See Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (applying Rule 54(b) "to revise *interlocutory orders* before final judgment" because such orders "'adjudicate[] fewer than all of the claims'" (quoting FED. R. CIV. P. 54(b))).

Nevertheless, Ms. Green's Motion is untimely under this Court's Local Rules. Under Local Rule 105.10, motions to reconsider "shall be filed with the Clerk not later than fourteen (14) days after entry of the order." Loc. R. 105.10 (D. Md. 2025). Ms. Green filed her Motion on September 5, 2025, 28 days after issuance of this Court's Memorandum Opinion and Order (ECF Nos. 27; 28). As the U.S. Court of Appeals for the Fourth Circuit has explained, "[l]ocal rules are binding on the parties and the court that promulgated them." *Muhammad v. Flemming*, 29 F.4th 161, 166 n.6 (4th Cir. 2022) (citing *Maritrans Operating Partners Ltd. P'ship v. M/V Balsa 37*, 64 F.3d 150, 154–55 (4th Cir. 1995)); *accord Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987). For this reason, this Court has repeatedly denied motions for reconsideration where

---

[5] To the extent iMentor raises untimeliness under Rule 59(e) or Rule 60(b), *see* (ECF No. 35 at 2, 2 n.1), therefore, such arguments are inapposite, and the Court instead applies Rule 54(b) and its Local Rules.

they are untimely filed in violation of the Local Rules. *See, e.g.*, *Deitemyer v. Ryback*, Civ. No. ELH-18-2002, 2019 WL 4393073, at *2 (D. Md. Sep. 13, 2019) (collecting cases). As Chief Judge Russell of this Court has explained, "under Local Rule 604 . . . , the Court may suspend the provisions of the Local Rules '[f]or good cause shown[,]'" including clear error of law. *June v. Thomasson*, Civ. No. GLR-14-2450, 2017 WL 3642944, at *4 (D. Md. Aug. 24, 2017) (quoting Loc. R. 604 (D. Md. 2016)); *accord* Loc. R. 604 (D. Md. 2025). As explained further below, Ms. Green fails to establish clear error such that her Motion must be denied as untimely.[6]

## I.    The Court did not commit clear error causing manifest injustice by determining that Ms. Green abandoned her Title VII discrimination and retaliation claims in Counts I, III, and V.

In its August 8, 2025, Memorandum Opinion and Order, this Court dismissed Ms. Green's Title VII discrimination and retaliation claims in Counts I, III, and V because she failed to respond to iMentor's arguments that such claims were time-barred. (ECF No. 27 at 10; ECF No. 28.) A plaintiff may abandon her claim by failing to oppose a defendant's Motion to Dismiss or affirmatively communicating to the court an intent not to oppose defendants Motion. 2 <u>Moore's Federal Practice</u> Civil § 12.34 (2025); *see AirFacts, Inc. v. De Amezaga*, 909 F.3d 84, 91–92 (4th Cir. 2018) (abandonment of a claim may be "express" or "clear and unambiguous," such as by "represent[ing] that it did not intend to pursue the claim"); *V.V.V. & Sons Edible Oils Ltd. V. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (affirming district court's holding that plaintiff's claim was abandoned where it "explicitly did not

---

[6] This Court must deny Ms. Green's Motion as untimely because it is bound by Local Rule 105.10 (D. Md. 2025). *See Muhammad v. Flemming*, 29 F.4th 161, 166 n.6 (4th Cir. 2022) (citing *Maritrans Operating Partners Ltd. P'ship v. M/V Balsa 37*, 64 F.3d 150, 154–55 (4th Cir. 1995)). At a practical level, however, because Ms. Green seeks relief based on clear error of law, denial of her Motion as untimely equally reflects that she has not identified a clear error of law justifying reconsideration.

oppose" defendant's motion to dismiss). This Court has explained that "when a defendant's motion to dismiss a complaint states specific deficiencies that warrant dismissal, and presents supporting legal arguments, it is the plaintiff's obligation to respond substantively to address them." *Philogene v. Data Networks, Inc.*, PWG-17-1318, 2018 U.S. Dist. LEXIS 31270, at *5 (D. Md. Feb. 21, 2018). When a plaintiff fails to respond to a defendant's arguments, she "abandon[s] . . . those claims." *Id.* (collecting cases); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (holding plaintiff abandoned discriminatory discharge claims by failing to respond to defendant's motion to dismiss).

In this case, Ms. Green alleged multiple claims under Title VII, but this Court dismissed as abandoned only her Title VII claims for gender- or sex-based discrimination (Count I), racial discrimination (Count III), and retaliation (Count V). (ECF No. 27 at 10.) Notably, the Court declined to dismiss as abandoned her Title VII claims alleging hostile workplace environment based on race- and sex-based discrimination (Counts VII and IX). (*Id.* at 10–11.) Specifically, this Court determined that her hostile work environment claims were *not* time-barred because such claims are subject to the "continuing violation doctrine" based on Supreme Court and Fourth Circuit precedent. *See* (*id.* at 10–11); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 117 (2002) (distinguishing between claims based on "discrete discriminatory acts," which must fall "within the timely filing period" to be actionable, and "hostile work environment claim[s]," which include "the entire time period of the hostile environment" regardless of whether some conduct "fall[s] outside the statutory time period"); *Gilliam v. S.C. Dep't of Juv. Just.*, 474 F.3d 134, 140 (4th Cir. 2007) (applying the "continuing violation doctrine" to hostile environment claims to admit "evidence of behavior

10

occurring outside of the applicable limitations period"); *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 222 (4th Cir. 2016) ("[A] time-barred discrete act claim remains time-barred even if it is part of a series of related actions" that constitute a hostile work environment claim. (citing *Morgan*, 536 U.S. at 113)). That is, Ms. Green adequately responded to Defendant's arguments regarding the timeliness of her hostile workplace environment claims, including "her allegations of harassment, discrimination, and retaliation," such that they were not time-barred because they embraced her termination, which was "well within the [applicable] 300-day period." (ECF No. 27 at 11.)

In her Motion for Reconsideration (ECF No. 31), Ms. Green contends that her Response to the Motion to Dismiss (ECF No. 20) rebutted all of iMentor's "precise timeliness issue[s]" under a single point heading that read: "'Plaintiff's Title VII *Hostile Work Environment Claims* Are Not Time-Barred.'" (ECF No. 31 at 5–6 (quoting ECF No. 20 at 10 (emphasis added))). She appears to assert that she did this because iMentor grouped its argument in that manner in its Motion to Dismiss. (*Id.*) Although iMentor's Motion to Dismiss addressed Ms. Green's Discrimination, Retaliation, and Hostile Workplace Environment claims in a single section, *see* (ECF No. 17-1 at 7), Ms. Green was still responsible for proving that each of her claims were not time-barred. *See Philogene*, 2018 U.S. Dist. LEXIS 31270, at *5 ("[I]t is the plaintiff's *obligation* to respond substantively to address [defendant's arguments for dismissal]." (emphasis added)). Instead, she only responded to "Defendant's contention that Plaintiff's *hostile work environment claims under Title VII* are time-barred" without any substantive discussion of her discrimination or retaliation claims. (ECF No. 20 at 10 (emphasis added).)

As Judge Chasanow of this Court has recognized, a plaintiff abandons her Title VII discrimination claim where she "only puts forth facts reflecting a hostile work environment claim" and "[does] not respond" to defendant's arguments as to her discrimination claim. *Whittaker v. David's Beautiful People, Inc.*, Civ. No. DKC-14-2483, 2016 WL 429963, at *3 n.3 (D. Md. Feb. 4, 2016). As this Court has already explained, Ms. Green's timeliness arguments on behalf of her hostile workplace environment claims do not address the timeliness of her "discrete discriminatory act" claims for discrimination and retaliation. Specifically, Ms. Green only referenced "harassment" and "past discrimination" as evidence of the "continuous" or "ongoing nature of [her] hostile work environment" and not as separate arguments for her discrimination and retaliation claims. (ECF No. 20 at 10–11.) As this Court previously determined, therefore, she failed to rebut iMentor's timeliness arguments as to her discrimination and retaliation claims.

Moreover, iMentor specifically argued that Ms. Green's hostile workplace environment claims could not "transform discrete acts into a continuing violation" because claims for discrete acts are not subject to the continuing violation doctrine. (ECF No. 17 at 8); *see Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219–20 (4th Cir. 2007) (rejecting continuing violation doctrine for "alleged discrete violations" even when "'discrete acts of discrimination . . . occurred as part of a policy of discrimination'" (quoting *Williams v. Giant Food, Inc.*, 370 F.3d 423, 429 (4th Cir. 2004))). Since iMentor articulated that the continuing violation doctrine does not apply to Ms. Green's discrimination and retaliation claims, Ms. Green was obliged to adequately respond to avoid abandoning those claims. *See Philogene*, 2018 U.S. Dist. LEXIS 31270, at *5. Since Ms. Green argued only that her hostile workplace environment claims are

12

of a "continuous nature" (ECF No. 20 at 10), she tacitly conceded that her discrimination and retaliation claims are based on "discrete acts . . . [that] occurred as part of a policy of discrimination," *Giant Food*, 370 F.3d at 429, and, therefore, are time-barred (ECF No. 20 at 10–11); *see* (ECF No. 1 at 4–5 (alleging sex-based discrimination based on "unwelcome[] conduct and communication" with Mr. Smith); *id.* at 7–8 (alleging race-based discrimination based on same conduct); *id.* at 9–10 (alleging retaliation based on "adverse employment actions")).

Accordingly, Ms. Green has not shown that the dismissal of her claims was clear error that results in "manifest injustice." (ECF No. 31 at 6.) Ms. Green's Response to iMentor's Motion to Dismiss failed to respond to iMentor's specific assertion that her discrimination and retaliation claims were time-barred. Indeed, her Response utilized the unambiguous point heading "Plaintiff's Title VII *Hostile Work Environment Claims* are Not Time Barred." (ECF No. 20 at 10 (emphasis added).) Moreover, her continuing violation doctrine argument as to her hostile work environment claims cannot be recharacterized to apply to the timeliness of her discrimination and retaliation claims. (ECF No. 20 at 10 (emphasis added).) Put simply, Ms. Green has failed to demonstrate error that strikes the Court "as wrong with the force of a five-week-old, unrefrigerated dead fish." *Siple*, 2015 WL 6163791, at *2 (quoting *TFWS*, 572 F.3d at 194).

## II. The Court did not commit clear error causing manifest injustice by dismissing Ms. Green's hostile work environment claims (Counts VII, IX) without leave to amend.

This Court dismissed with prejudice Ms. Green's hostile workplace environment claims for failure to sufficiently allege racial harassment or severe or pervasive sex-based

discrimination. (ECF No. 27 at 18–23.) Ms. Green now seeks reconsideration of this Court's decision to dismiss those claims with prejudice. (ECF No. 31 at 6.) Ms. Green did not file a motion for leave to amend but instead briefly requested leave in her Opposition to iMentor's Motion to Dismiss. *See* (ECF No. 20 at 16–17). Ms. Green's request for amendment only stated that she would amend her complaint "if the Court perceives a deficiency in the pleading [that] it believes can be cured by amendment." (*Id.* at 16.) She did not offer any substantive amendments of her own, nor did she attach any amended pleading for this Court to review. *See generally* (*id.*). As explained below, Ms. Green has not identified clear error in this Court's dismissal of these claims with prejudice.

As this Court explained in its prior Memorandum Opinion, a court should allow parties to amend their pleadings "freely" "when justice so requires." FED. R. CIV. P. 15(a)(2). This "liberal rule" reflects "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "[T]he leave sought should, as the rules require, be freely given" absent "any apparent or declared reason" to deny the party leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may still deny leave to amend for reasons "such as undue delay, bad faith or dilatory motive, . . . repeated failure to cure deficiencies by" earlier amendments, "undue prejudice to the opposing party . . . , futility of amendment," or any other reason the court clearly articulates. *Id.* Additionally, a party must comply with local rules when seeking leave to amend. As applicable in this case, Local Rule 103.6 requires that the party seeking leave to amend present a copy of its proposed amendment to the court.

14

In *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009), the U.S. Court of Appeals for the Fourth Circuit affirmed dismissal of a complaint with prejudice after the plaintiffs failed to comply with Local Rule 103.6 and failed to cure their defective complaint. *Id.* at 197. Similarly, Judge Hurson of this Court recently explained that plaintiffs seeking leave to amend must comply with "local and federal rules" by filing a "formal motion and attach[ing] the amended pleading to accompany the motion." *Loveless v. Pennymac Loan Servs., LLC*, Civ. No. BAH-25-00515, 2025 U.S. Dist. LEXIS 139239, at *5 (D. Md. July 22, 2025) (first citing FED. R. CIV. P. 15; and then citing Loc. R. 103.6 (D. Md. 2025)). If the court does not have the "'substance of the proposed amendment,'" it may deny the plaintiff's request for leave to amend and grant defendant's motion to dismiss. *Id.* at *5–6 (quoting *Roskam Baking Co. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002)); *see also Nemphos v. Nestle Waters N. Am., Inc.*, 775 F.3d 616, 628 (4th Cir. 2015) (affirming denial of leave to amend where plaintiff "did not file a separate motion requesting leave to amend her complaint or attach a proposed amended complaint to her opposition brief"); *Demurjian v. Dunbar*, Civ. No. BAH-23-3190, 2025 U.S. Dist. LEXIS 20194, at *16 (D. Md. Feb. 5, 2025) (plaintiff's request for leave to amend may be denied where plaintiff's request was "made outside the bounds of a formal motion" and "does not specify what the proposed amendment is and what it will accomplish"); *Long v. Satz*, 181 F.3d 1275, 1279–80 (11th Cir. 1999) (affirming denial of leave to amend where plaintiff included her request for leave to amend in her memorandum opposing defendant's motion to dismiss, not in a separate formal motion). Courts may dismiss with prejudice a plaintiff's claim if the litigant is unable to cure deficiencies through additional allegations. *See Jones v. Equifax Info. Servs. LLC*, Civ. No. PX-24-1271, 2025 U.S. Dist. LEXIS 152805, at *11–13 (D. Md. Aug.

8, 2025) (dismissing with prejudice plaintiffs' claims after proposed second amended complaint failed to cure fundamental pleading deficiencies); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (affirming denial of leave to amend and dismissal of plaintiff's claim with prejudice where plaintiff could not provide additional allegations to establish a conspiracy among defendants).

In this case, Ms. Green has not shown that it was clear error to deny her informal and unsupported request for leave to amend. She failed to file a separate motion for leave to amend, failed to attach an amended complaint in compliance with Local Rule 103.6, and failed to identify any proposed amendments. She does not dispute that she failed to file a separate motion for leave to amend, but she argues that Local Rule 103.6 only requires a proposed amended pleading to be attached "if a *motion to amend* a complaint is filed."[7] (ECF No. 36 at 3.) Both the Fourth Circuit and this Court have held, however, that Local Rule 103.6 "require[s] litigants to seek leave to amend the[ir] complaint *through a formal motion*," and to specifically identify proposed amendments. *Lovess*, 2025 U.S. Dist. LEXIS 139239, at *5 (emphasis added); *see also Estrella v. Wells Fargo Bank N.A.*, 497 F. App'x 361, 362 (4th Cir. 2012) (affirming denial of leave to amend where plaintiff "fail[ed] to formally move to amend" and "fail[ed] to provide . . . any proposed amended complaint or other indication of the amendments he wishe[d] to make"); *Nemphos*, 775 F.3d at 628 (affirming denial of leave to amend where plaintiff "did not file a separate motion requesting leave to amend her complaint *or attach a proposed amended complaint to her opposition brief*" (emphasis added)). Ms. Green's request

---

[7] By raising this argument, Ms. Green appears to concede that she never filed a motion to amend her Complaint, which, as this Court has already explained, alone constitutes a basis to dismiss her claims with prejudice. *See* (ECF No. 27 at 30 (collecting cases)).

for leave to amend "if the Court perceives a deficiency" does not provide this Court with "any suggestion as to what [the additional] detail[s] would be" that Ms. Green could offer in any proposed amendment. *Demurjian*, 2025 U.S. Dist. LEXIS 20194, at *17. As this Court has already explained, absent such suggestion or motion, it cannot determine "whether the amendment would cure the defects in the initial complaint." *Francis*, 588 F.3d at 197. Notwithstanding the general principle that leave to amend should be freely granted, both this Court and the Fourth Circuit have repeatedly recognized that parties must, at minimum, specifically identify any proposed amendments. *See, e.g.*, *id.*; *Nemphos, Inc.*, 775 F.3d at 628; *Demurjian*, 2025 U.S. Dist. LEXIS 20194, at *17.

Further, Ms. Green's request for leave to amend amounts only to a request that "the Court inform[] her what the deficiencies [are]" at the motion-to-dismiss stage so that she may correct them afterwards. *Kamatta v. Burwell*, Civ. No. WDQ-14-3684, 2016 U.S. Dist. LEXIS 4817, at *12 (D. Md. Jan. 13, 2016). As this Court has explained: "This . . . is not the purpose of a motion to dismiss. Otherwise, dismissals with prejudice on a motion to dismiss would lose all meaning because any plaintiff could use the issuance of the court's opinion as 'good cause' for moving to amend the complaint." *Id.* at *12–13. While Ms. Green ultimately filed a proposed Amended Complaint (ECF No. 37) on October 4, 2025, this proposed amended pleading still fails to comply with the local rules. *See* Loc. R. 103.6(c) (D. Md. 2025) (requiring parties to identify amendments). Ms. Green has not met her burden to establish clear error in this Court's prior Memorandum Opinion and Order dismissing her Title VII claims with prejudice.

Moreover, even if this Court did consider the proposed amendments Ms. Green ultimately filed, *see* (ECF No. 37), amendment would be futile.  Notwithstanding the liberal pleading rules pursuant to Federal Rule of Civil Procedure 15(a), the Fourth Circuit has repeatedly instructed that leave to amend should be denied where amendment would be futile. *See, e.g.*, *Brainchild Surgical Devices, LLC v. CPA Global, Ltd.*, 144 F.4th 238, 257 n.14 (4th Cir. 2025); *Kelly v. Town of Abingdon, Va.*, 90 F.4th 158 (4th Cir. 2024) (affirming denial of leave to amend based on futility). An amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).  In violation of Local Rule 103.6(c), Ms. Green failed to identify amendments in her proposed Amended Complaint (ECF No. 37), but she appears to propose the following amendments: (1) Mr. Smith allegedly told her "Laura, you don't care about your region," instructed other executives not to communicate directly with her, and took credit for her work, (ECF No. 37 ¶¶ 11–19, 25); and (2) a white male peer in Chicago informed her that "he had never been subjected to the same treatment from Derek Smith, underscoring that Plaintiff's experience was driven by gender-based bias," (*id.* ¶ 26.)

These amendments fail to establish that Ms. Green's Title VII discrimination and retaliation claims—originally alleged in Counts I, III, and V—are timely under the requirement that the alleged misconduct occur within 300 days before filing of an EEOC Complaint. *See* (ECF No. 27 at 8–10 (explaining timeliness requirements)).  She alleges that Mr. Smith's statement "Laura, you don't care about your region," occurred during a 1:1 meeting in "in or around Winter 2022," meaning that it *must have occurred* more than 300 days before she filed her EEOC Complaint because 300 days before March 13, 2022, would be May 17, 2022.  As

discussed above, discrete discrimination and retaliation claims are not subject to the continuing

violation doctrine, and thus the proposed amendments to these claims are futile.

The proposed amendments are similarly futile as to the claims of hostile workplace

environment based on race or sex as originally alleged in Counts VII and IX.  As to hostile

workplace environment based on race as originally alleged in Count VII, the proposed

amendments add *no allegations of harassment based on race*.  *See* (ECF No. 27 at 16–17 (dismissing

Count VII for failure "to allege any facts that would support an inference that [Ms. Green]

faced harassment based on her race)).  Relatedly, the proposed amendments fail to state a Title

VII claim of hostile workplace environment claim based on sex as originally alleged in Count

IX.  Even considering the proposed allegations of communication barriers and Mr. Smith

taking credit for Ms. Green's work, Ms. Green has not alleged that her work environment was

"permeated with discriminatory intimidation, ridicule, and insult that [wa]s sufficiently severe

or pervasive to alter the conditions of [her] employment and create an abusive working

environment." *Walker v. Mod-UKraf Homes, LLC*, 775 F.3d 202, 207 (4th Cir. 2014) (quoting

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Put simply, Ms. Green has not met her

burden to establish clear error as required for reconsideration, and, even if she had, her

proposed amendments fail to cure the manifest deficiencies in her original Complaint.

### III.    iMentor is not entitled to attorneys' fees incurred in responding to Ms. Green's Motion for Reconsideration.

iMentor asks this Court to award it the attorneys' fees it has incurred in responding to

Ms. Green's Motion for Reconsideration, which it deems "untimely, procedurally deficient,

and ultimately baseless." (ECF No. 35 at 5–6.) Federal Rule of Civil Procedure 11 authorizes

a court to issue an "appropriate sanction" to an attorney or party for violations of Rule 11(b)

upon a motion or upon the court's own initiative. FED. R. CIV. P. 11(c)(1); *see* FED. R. CIV. P. 11(b) (requiring attorneys to certify that the motion is not presented for any improper purpose, the legal arguments are nonfrivolous, the factual arguments have evidentiary support, and the denials of factual allegations have evidentiary support or a reasonable belief). A party seeking Rule 11(c) sanctions against an opposing party must file a separate motion for sanctions "describ[ing] the specific conduct that allegedly violates Rule 11(b)" that was properly served to the opposing party at least twenty-one days before filing in the court. FED. R. CIV. P. 11(c)(2); *see Tolliver v. Eleven Slade Apt. Corp.*, Civ. No. CCB-19-2478, 2020 U.S. Dist. LEXIS 204660, at *8–9 (D. Md. Nov. 2, 2020) (denying motion for attorneys' fees and costs because defendant did not formally file a separate Rule 11 motion). In this case, iMentor cannot be granted attorneys' fees through Rule 11 because iMentor has failed to comport with these procedural requirements. *See* (ECF No. 35). Moreover, "motions for sanctions are disfavored in this [C]ourt," and iMentor has not established that such sanctions are appropriate in this case. *Fletcher v. Didlake, Inc.*, Civ. No. PWG-20-3446, 2021 WL 3418835, at *8 (D. Md. Aug. 5, 2021) (citing Loc. R. 105.8 (D. Md. 2021)); *accord* Loc. R. 105.8(a) (D. Md. 2025) ("The Court expects that motions for sanctions will not be filed as a matter of course.").

Federal law also authorizes courts to award attorneys' fees when an attorney "so multiplies the proceedings in any case unreasonably and vexatiously" as to persuade the court that counsel should "personally" satisfy opposing counsel's costs.[8] 28 U.S.C. § 1927; *see also*

---

[8] Unlike Rule 11 sanctions, § 1927 sanctions address the conduct of an attorney specifically and "sanction conduct Rule 11 does not reach; i.e., protracting or multiplying the litigation to run up the opposition party's costs." *Bakker v. Grutman*, 942 F.2d 236, 242 (4th Cir. 1991); *see also Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999).

*Baker v. Booz Allen Hamilton, Inc.*, Civ. No. RWT-06-0889, 2008 WL 11425679, at *1–2 (D. Md. Oct. 31, 2008) (discussing differences between sanctions under Rule 11 and those under 28 U.S.C. § 1927). Separately, an attorney may be sanctioned pursuant to a court's "inherent powers to assess attorney fees against a party" if she "acted in bad faith . . . [by] knowingly or recklessly rais[ing] a frivolous argument, or argu[ing] a meritorious claim for the purpose of harassing an opponent." *Letren v. Trans Union, LLC*, Civ. No. PX-15-3361, 2017 U.S. Dist. LEXIS 150056, at *15 (D. Md. Sep. 15, 2017) (quoting *Nasser v. Whitepages, Inc.*, 2014 WL 1323170, at *6 (W.D. Va. Apr. 1, 2014)); *see also EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012) (explaining a court's decision to issue sanctions under § 1927 is "unconcerned with the merits of the lawsuit" and instead addresses the "conduct of the litigation" and "abuse of court processes" (first quoting *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999); and then quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980))). An attorney does not act in bad faith merely because the plaintiff's claims were dismissed for failing to state a claim. *See Sharp v. Arthur Murray Int'l Inc.*, Civ. No. ABA-24-2605, 2025 US. Dist. LEXIS 203826, at *17 (D. Md. Oct. 16, 2025).

Although Ms. Green's request for leave to amend and proposed Amended Complaint are procedurally defective, *see* (ECF Nos. 20; 37), her conduct does not indicate a "significant failure to comport with procedural norms" that would warrant attorneys' fees and sanctions. *Moreno v. PF Hurley, Inc.*, No. RWT-07-1515, 2009 WL 3208324, at *3 (D. Md. Sep. 29, 2009). As noted above, sanctions are disfavored in this Court, and the standard for "vexatious and frivolous litigation" typically requires more than merely seeking reconsideration. *See, e.g., Carmax Auto Superstores, Inc. v. Sibley*, 215 F. Supp. 3d 430, 438–39 (D. Md. 2016) (granting

21

sanctions where counsel had a "history of vexatious litigation," "filed numerous baseless motions," and regurgitated arguments the court had already deemed frivolous even after the court specifically warned him "it will not tolerate vexatious and frivolous litigation"). Accordingly, iMentor's request for attorneys' fees for the costs incurred in responding to Ms. Green's Motion for Reconsideration is denied.

## CONCLUSION

For the reasons stated above, Ms. Green's Motion for Reconsideration (ECF No. 31) is DENIED, and the stay of discovery in this case is LIFTED.

A separate Order follows.

/s/
_____
Richard D. Bennett
United States Senior District Judge

Dated: November 4, 2025.