IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA GREEN,                                    *

    *Plaintiff,*                                *

    v.                                          *       Civil Action No. RDB-24-2567

iMENTOR, INC.,                                  *

    *Defendant.*                                *

*    *    *    *    *    *    *    *    *    *    *    *    *

**<u>MEMORANDUM ORDER</u>**

On September 4, 2024, Plaintiff Laura Green filed a twelve-count Complaint against her former employer, Defendant iMentor, Inc., alleging discrimination under various federal and state employment and civil rights laws. *See generally* (ECF No. 1). This Court granted iMentor's Motion to Dismiss (ECF No. 17) as to all counts but one. (ECF No. 27 at 2; ECF No. 28.) Specifically, the Court denied the Motion to Dismiss as to Green's Count XI, which alleged racial discrimination pursuant to 42 U.S.C. § 1981. (*Id.*) Then, on November 4, 2025, the Court denied Green's Motion for Reconsideration of the Court's decision on the Motion to Dismiss. (ECF Nos. 39, 40.) Since then, the parties have been engaged in discovery on the sole pending count, Green's § 1981 race discrimination claim. *See, e.g.*, (ECF No. 41 (the parties' November 18, 2025, status report on discovery)). On March 11, 2026, Green moved for a two-week extension on all deadlines, particularly seeking an extension of the discovery deadline from April 8, 2026, to April 22, 2026. (ECF No. 46 at 1.) iMentor did not join that Motion. (*Id.*) The Court granted the Motion by Paperless Order the same day. (ECF No. 47.) The current discovery deadline is April 22, 2026. (*Id.*)

1

Now pending is Green's Second Corrected Motion for Extension of Time to Complete Discovery (the "Motion"),[1] filed March 23, 2026, in which she seeks an additional sixty-day extension on all current deadlines. (ECF No. 51.) "A schedule may be modified only for good cause and with the judge' consent." Fed. R. Civ. P. 16(b)(4). District courts have broad discretion to manage discovery and schedules. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

Green argues that good cause to extend the deadlines a second time in twelve days exists because the parties still need to take "central depositions" in the case, including her own deposition and iMentor's Rule 30(b)(6) deposition. (ECF No. 51 at 2.) She also claims that iMentor is refusing to produce Derek Smith, an employee of iMentor, for testimony.[2] (*Id.*) In Response, iMentor claims that there is no good cause to extend the discovery deadlines by two months. (ECF No. 53 at 2.) iMentor argues, *inter alia*, that Green has repeatedly delayed noticing and scheduling depositions and failed to comply with the Court's thirty-day deadline for discovery objections. (*Id.*) iMentor also argues that Green has exhibited during discovery a "pattern of delay, missed deadlines, [and] late productions" which forecloses a finding of good cause. (*Id.*) Finally, iMentor argues that it would be prejudiced by the extension. (*Id.* at 12.)

---

[1] This is the Second Corrected Motion because Green filed three motions on March 23, 2026, labeled as motions for extensions of time to complete discovery on March 23, 2026. *See* (ECF Nos. 48, 49, 51). She also filed a Notice to Withdraw the first two, non-operative iterations of the motion, specifically ECF No. 48 and ECF No. 49. (ECF No. 50.) Those Motions are DENIED AS MOOT.

[2] As relevant to Mr. Smith, Green also filed a Motion to Compel his deposition on March 23, 2026. (ECF No. 52.) iMentor filed a Response. (ECF No. 54.) That Motion remains pending and will be ruled upon by the Court separately.

In view of these arguments, the Court finds that good cause to extend the current deadlines does not exist. It is not lost on the Court that Green filed a motion to extend the discovery deadline from April 8, 2026, to April 22, 2026, (ECF No. 46) on March 11, 2026, less than one month before the discovery deadline was to arrive. Even so, the Court granted that limited, two-week extension. (ECF No. 47.) Just twelve days later, however, Green moved for a second extension, this time for sixty days. (ECF No. 51.) These two motions were filed some four months into this current period of discovery. They were filed eighteen months after Green filed her lawsuit. Green's arguments as to her need to take depositions are outweighed by the simple fact that she has already had at least four months to notice and schedule those depositions. While the Court willingly granted an extra two weeks, a further sixty days is not justified in this case. For these reasons, the Court finds that there is not good cause to extend the discovery deadlines and DENIES Green's Motion (ECF No. 51).

For the reasons stated above, it is this 30th day of March, 2026, hereby ORDERED that Green's Second Corrected Motion for Extension of Time to Complete Discovery (ECF No. 51) is DENIED.

/s/
_____
Richard D. Bennett
United States Senior District Judge

3