IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAURA GREEN, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. RDB-24-2567 |
| iMENTOR, INC., | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Now pending before the Court is Plaintiff Laura Green's Motion for Expedited Discovery Conference and to Compel the Deposition of Derek Smith ("Motion to Compel"), filed March 23, 2026. (ECF No. 52.) Defendant iMentor has filed a Response. (ECF No. 54.) The Court has reviewed the parties' arguments. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Green's Motion to Compel (ECF No. 52) is DENIED.

Plaintiff Laura Green is a Black woman who worked as an Executive Director for Defendant iMentor, Inc., a nonprofit organization, between February 2019 and her termination on June 30, 2022. (ECF No. 1 ¶¶ 2, 6, 16–18.) On September 4, 2024, Green filed a twelve-count lawsuit against iMentor, in which she alleged, pursuant to various federal and Maryland laws, discrimination on the bases of race and sex; retaliation; and a hostile work environment. *See generally* (ECF No. 1).

iMentor filed a Motion to Dismiss (ECF No. 17), which the Court granted as to all counts but one, Green's claim of race discrimination pursuant to 42 U.S.C. § 1981 (Count XI). (ECF Nos. 27, 28.) Green moved for reconsideration of the Court's Order granting dismissal

in part. (ECF No. 31.) On November 4, 2025, the Court denied Green's Motion for Reconsideration. *See* (ECF Nos. 39, 40). The only remaining count in this case is Green's § 1981 race discrimination claim. *See* (ECF No. 28). Since the Court's decision denying reconsideration, entered November 4, 2025, the parties have been engaged in discovery on that claim. *See, e.g.*, (ECF No. 41). The discovery deadline is April 22, 2026. (ECF No. 56.)

On March 23, 2026, Green filed the pending Motion to Compel the deposition of Derek Smith, a former employee of iMentor.[1] (ECF No. 52.) She alleges that Smith is a "central witness because he is the principal individual about whom [she] complained to" iMentor. (*Id.*) She also alleges that her complaints regarding Smith were "part and parcel of her wrongful termination." (*Id.*) In Response, iMentor argues that the Motion to Compel must be denied as both procedurally barred and substantively inappropriate. (ECF No. 54 at 1.) With respect to procedure, iMentor claims that there is nothing for the Court to compel because Green has not issued any pending deposition notice for Smith. (*Id.* at 1.) iMentor also argues that Green's attempt to take Smith's deposition is substantively inappropriate because it is an attempt to re-litigate the sex discrimination and retaliation claims that the Court already dismissed with prejudice. (*Id.* at 1–2.)

The Court need not decide whether Green's Motion to Compel (ECF No. 52) is procedurally barred because there is no basis for Green to depose Smith for the § 1981 race discrimination claim. District courts enjoy broad discretion over discovery issues. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016) (citing *Carefirst of Md., Inc. v. Carefirst*

---

[1] iMentor claims that Derek Smith was no longer one of its employees as of March 2022, three months before Green was terminated. (ECF No. 54 at 2.)

*Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003)). Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party seeking the deposition must demonstrate both "a legitimate basis" to request the deposition and that the deposition will not be "overly disruptive or burdensome." *Allen v. TV One, LLC*, No. DKC-15-1960, 2016 WL 7157420, at *2 (D. Md. Dec. 8, 2016) (internal citation omitted).

Green has not met her burden under Federal Rule of Civil Procedure 26(b)(1) of demonstrating that a deposition of Derek Smith would be relevant to her § 1981 claim of race discrimination. The only mentions of Smith in the Complaint (ECF No. 1) relate to alleged sex discrimination. Section 1981 prohibits discrimination based on race, not sex. *See Runyon v. McCrary*, 427 U.S. 160, 169 (1976) (citing § 1981 and collecting cases). Given that § 1981 only recognizes race discrimination claims, Smith's testimony could not, as a matter of law, be relevant to that claim absent some showing by Green that Smith was involved in race discrimination.

Green's Motion makes the conclusory argument that Smith is a "central witness" and the focus of her internal complaints while employed by iMentor. (*Id.* at 1.) The Motion proffers no facts from which the Court could determine that Smith has any relevance to the § 1981 claim. As noted above, the Complaint only ever mentions Smith to allege that he engaged in sex discrimination against Green. *See, e.g.*, (ECF No. 1 ¶ 9). The Complaint alleges that, "[t]hroughout her employment, Plaintiff experienced unlawful harassment by Smith, particularly during their 1:1 weekly check-ins, where he was verbally hostile towards her as a female employee." (*Id.*) The Complaint also alleges that Green "formally complained

about . . . Smith's behavior to both the CEO and COO of iMentor" (*id.* ¶ 10); that iMentor's female COO (who is not named in the Complaint) acknowledged via a subsequent phone conversation with Green that she had also experienced discriminatory behavior from Smith based on her sex (*id.* ¶ 12); and that Green later requested a meeting with iMentor's new CEO regarding Smith's "treatment of her as a female employee" (*id.* ¶ 13).

In sum, there is nothing in the Motion to Compel (ECF No. 52) nor the Complaint (ECF No. 1) from which the Court could determine that Smith's deposition would be relevant to the § 1981 race discrimination claim. As such, Green has failed to meet her burden under Rule 26(b)(1). Therefore, it is this 2nd day of April, 2026, hereby ORDERED that Green's Motion for Expedited Discovery Conference and to Compel the Deposition of Derek Smith (ECF No. 52) is DENIED.

/s/
_____
Richard D. Bennett
United States Senior District Judge

4