Case 1:24-cv-02567-RDB   Document 70   Filed 04/21/26   Page 1 of 16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAURA GREEN, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. RDB-24-2567 |
| iMENTOR, INC., | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In this employment discrimination dispute, Plaintiff Laura Green ("Plaintiff" or "Ms. Green") has alleged a claim of race discrimination in violation of 42 U.S.C. § 1981 against her former employer, Defendant iMentor, Inc. ("Defendant" or "iMentor").[1]  Presently pending before this Court are three discovery disputes between the parties.  First, Defendant has filed a Request to Compel Production of Plaintiff's State and Federal Tax Returns (ECF No. 64) ("Defendant's Request to Compel").  Second, Defendant seeks a protective order preventing Plaintiff from deposing its former Chief Operating Officer Jana Reed (ECF No. 62) ("Defendant's Request for Protective Order").  Finally, the parties have raised numerous disputes related to Defendant's deposition of Plaintiff on April 2, 2026.  *See* (ECF No. 59; ECF No. 64; ECF No. 65; ECF No. 67).  Specifically, Defendant requests an order (1) reopening Plaintiff's deposition for an additional four hours; (2) compelling Plaintiff to answer

---

[1]  In her Complaint (ECF No. 1), Plaintiff alleged state and federal race and sex discrimination, sexual harassment, retaliation, and hostile work environment claims, and a state-law claim of wrongful discharge.  *See* (ECF No. 1).  Defendant then filed a Motion to Dismiss (ECF No. 17), which this Court granted as to all claims except the § 1981 claim.  *See* (ECF Nos. 27, 28, 39, 40).

1

questions related to her Complaint and claim; (3) requiring that such deposition occur in-person at the Federal Courthouse; and (4) requesting attorney's fees.  (ECF No. 64.)  Plaintiff has filed an Emergency Motion for Other Relief (ECF No. 59) seeking an order precluding Defendant from objecting, "in dispositive motions practice, to Plaintiff's reliance on Laura Green's declaration and . . . related exhibits . . . ."  (ECF No. 59 at 1.)  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).

For the reasons set forth below, the Court rules as follows.  First, Defendant's Request to Compel Production of Plaintiff's State and Federal Tax Returns (ECF No. 64) is GRANTED.   Second, Defendant's Request for Protective Order (ECF No. 62) is GRANTED.  Finally, Plaintiff's deposition shall be REOPENED for an additional 3 hours; all participants, including counsel of record for both parties, shall attend in person at the U.S. Courthouse at 101 West Lombard Street in Baltimore, Maryland, subject to supervision of a U.S. Magistrate Judge of this Court; and Plaintiff shall be COMPELLED to answer questions about her Complaint and claim.  Plaintiff's Emergency Motion for Other Relief (ECF No. 59) is DENIED.  Defendant's request for attorney's fees related to the parties' deposition dispute is DENIED.

### I.    Defendant's Request to Compel Production of State and Federal Tax Returns (ECF No. 64)

iMentor contends that Plaintiff has improperly failed to disclose requested tax information and documents.  (ECF No. 64 at 1.)  It asserts that, on November 25, 2025, it served its First Request for Production of Documents, including a request that Plaintiff produce "copies of [her] personal and/or business federal, state and local income tax returns, W-2 statements and other tax forms, whether jointly or individually filed, for the period of

2022 to the present." (*Id.*; ECF No. 64 Ex. A.)  Plaintiff apparently did not object to this request, and her responses referenced "attached tax documents," which were not Bates stamped. (ECF No. 64 at 1; ECF No. 69 at 2.)  Defendant then sent Plaintiff a deficiency letter as to her failure to produce her full tax returns. (ECF No. 64 at 1.)  On February 27, 2026, and March 11, 2026, Plaintiff provided access to documents titled "LG000015 – Green Supp Tax Document," but iMentor contends that none of the documents included her tax returns for the period requested. (*Id.*)  On March 13, 2026, Defendant sent Plaintiff a second deficiency letter again requesting access to her federal and state tax returns from 2022 to present. (*Id.*)  On March 23, 2026, Plaintiff made a second supplemental production, including her 2022–2024 Internal Revenue Service tax transcripts but not her full federal and state tax returns or any schedules. (*Id.*)  On April 2, 2026, Plaintiff testified during her deposition that she has provided "the full tax returns" to her attorneys. (*Id.*)  iMentor seeks an order compelling Plaintiff's counsel to provide Plaintiff's full federal and state tax returns. (*Id.*)  Plaintiff has filed a Letter (ECF No. 69) opposing Defendant's requested relief.

"Federal case law recognizes a qualified privilege limiting the disclosure of tax returns." *SMD Software, Inc. v. EMove, Inc.*, 2010 WL 2232261, at *2 (E.D.N.C. June 2, 2010).  This privilege may be overcome, however, "if: (1) the party seeking disclosure shows that the tax return is relevant to the subject matter in dispute; and (2) the resisting party is unable to identify an alternative source for the relevant information." *Water Out Drying Corp. v. Allen*, 2006 WL 1642215, at *1 (W.D.N.C. June 7, 2006) (citing *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216–17 (W.D. Va. 1997)).  "While the party seeking discovery of the tax returns bears the burden of establishing relevance, the party resisting disclosure should bear the burden of

establishing alternative sources for the information." *Hawkins v. MedApproach Holdings, Inc.*, 326 F.R.D. 391, 394 (S.D.N.Y. 2018) (quoting *United States v. Bonanno Organized Crime Fam. of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988)). As this Court has recognized, (1) tax returns are relevant to a Plaintiff's claims for monetary damages; and (2) tax returns in the hands of the taxpayer are subject to discovery. *See, e.g.*, *Cook v. UBS Fin. Servs., Inc.*, Civ. No. PJM-06-803, 2007 WL 9782554, at *2 (D. Md. Apr. 12, 2007); *Smith v. Cessna Aircraft Co.*, 124 F.R.D. 103, 107 (D. Md. 1989) (concluding plaintiff's tax returns were relevant where he claimed damages based on lost income).

In this case, Plaintiff seeks "[c]ompensatory and pecuniary damages" and "[e]xemplary and/or punitive damages in whatever amount to which Plaintiff is entitled;" and "[a]n award of lost wages and the value of fringe benefits, past and future." (ECF No. 1 at 19.) Based on this claim for monetary damages, Defendant has established that Plaintiff's federal and state tax returns between 2022 to the present are relevant to her § 1981 claim. Plaintiff, however, has neither responded to iMentor's request to compel the tax returns nor offered any objection to the discovery requests pertaining to the tax returns.[2] Thus, she has not met her burden to resist disclosure by providing an alternative source for the information. *Water Out Drying Corp.*, 2006 WL 1642215, at *1; *Hawkins*, 326 F.R.D. at 394. Accordingly, Defendant's Request to Compel Production of Plaintiff's State and Federal Tax Returns (ECF No. 64) is GRANTED.

---

[2] Plaintiff filed a Letter (ECF No. 69) opposing extension of her deposition due to non-production of tax returns, but she has not disputed the request for tax returns or established alternative sources for the information. *See* (*id.* at 2.)

## II.    Defendant's Request for Protective Order Preventing Plaintiff From Deposing Former iMentor Employee Jana Reed (ECF No. 62)

On March 30, 2026, Plaintiff noticed upon Jana Reed ("Ms. Reed"), iMentor's former Chief Operating Officer ("COO"), a deposition scheduled for April 8, 2026. (ECF No. 62-1.) Consistent with this Court's informal discovery procedure, (ECF No. 30-1), Defendant has filed a Letter (ECF No. 62) requesting a conference as to whether Ms. Reed, who was COO at the time of Plaintiff's termination, should be subject to deposition. (*Id.* at 2 n.4.) iMentor raises both a procedural objection to the notice of deposition and a substantive objection to the relevance and proportionality of the deposition. (*Id.* at 1–2.) As to the procedural objection, it argues that Plaintiff noticed the deposition just nine days before the April 8, 2026, deposition date, which does not provide "reasonable notice" under Discovery Guideline 9(b) of the Local Rules. (*Id.* at 2.) It also notes that Plaintiff noticed the deposition without consulting iMentor about Ms. Reed's availability, which is contrary to Discovery Guideline 4 of the Local Rules. (*Id.*)

As to the substantive objection, iMentor argues that deposition of Ms. Reed is irrelevant, disproportionate, and an improper attempt to litigate already dismissed sex discrimination, sexual harassment, and retaliation claims. (*Id.*) Specifically, it argues that Ms. Reed—a former employee now residing in New York—was COO at the time of Plaintiff's termination on July 1, 2022, but she "was not a decisionmaker in the termination decision." (*Id.* at 2.) iMentor asserts that it informed Plaintiff in its December 19, 2025, interrogatory responses that "Heather Wathington, Chief Executive Office ('CEO'), made the termination decision in consultation with Michelle Diaz, Chief Talent & Equity Officer ('CTEO')." (*Id.*) Thus, iMentor argues that Ms. Reed lacks personal knowledge of the facts at issue such that

her deposition would be irrelevant, unduly burdensome, and duplicative of testimony from iMentor's Rule 30(b)(6) designee.  (ECF No. 62-2 ¶¶ 3–6.)

In Opposition (ECF No. 63), Plaintiff disputes Defendant's procedural and substantive arguments.[3]  (ECF No. 63 at 1.)   First, as to Defendant's procedural concerns with the notice of deposition, Plaintiff argues that she notified defense counsel of Ms. Reed's deposition on March 27, 2026, and never withdrew that notice even after Defendant's objection.  (*Id.*)  Thus, she contends that iMentor should have sought relief earlier than April 7, 2026, and its "belated" request is procedurally improper.  (*Id.* at 2.)   Next, she argues that Ms. Reed possesses information relevant to the remaining § 1981 claim because she (1) "served in senior leadership during the termination period;" (2) "was part of the executive structure governing Plaintiff's employment;" and (3) "communicated via email with Plaintiff regarding needing to talk with her just two days prior to her termination."  (*Id.*)

This Court has previously noted that "Rule 26 grants trial courts broad discretion 'to decide when a protective order is appropriate and what degree of protection is required.'"[4] *Hugler v. Chimes Dist. of Columbia, Inc.*, Civ. No. RDB-15-3315, 2017 WL 1322109, at *1 (D. Md. Apr. 6, 2017) (quoting *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014)).

---

[3] Plaintiff also asserts that Defendant's request for a protective order is procedurally improper because a request to bar or limit a deposition must proceed under Rule 26(c), which requires a motion and good cause. Defendant's Letter (ECF No. 62), however, is consistent with this Court's Informal Discovery Order (ECF No. 30-1), which informs the parties of this Court's discovery policy and explicitly clarifies that "[t]his policy should be followed **before** the filing of any motions related to discovery disputes."  (ECF No. 30-1 at 1 (emphasis in original).)

[4] Federal Rule Civil Procedure 45 governs third-party subpoenas and provides that "the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d).  Where, as here, a party lack standing to challenge a Rule 45 subpoena, that party may instead seek a protective order on the third party's behalf pursuant to Federal Rule 26(c).  *See HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 307–308 (D.S.C. 2013).  "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26."  *Id.*

"The burden is on the movant to establish good cause under Rule 26(c); the movant must set forth specific and particular facts, rather than broad conclusory statements as to why a protective order should issue." *Innovative Therapies, Inc.*, 302 F.R.D. at 377. "In order to obtain a protective order, the moving party must demonstrate 'that the discovery sought lacks relevance to the extent that the likelihood and severity of the harm or injury caused . . . outweighs any need for the information.'" *Id.* (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)).

If "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues," a court "must limit the frequency or extent of discovery." *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C)). "[E]ven very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." *Innovative Therapies, Inc.*, 302 F.R.D. at 377.

In this case, the burden to Ms. Reed outweighs the likely benefit of any information derived from her deposition. Ms. Green references Ms. Reed in only three paragraphs of her Complaint, and each of those paragraphs pertains to her allegations that her supervisor, Derek Smith, harassed and discriminated against her based on her sex. *See* (ECF No. 1 ¶¶ 10–12). None of the allegations in which Ms. Reed is mentioned involve racial discrimination. Moreover, Defendant has stated that its December 19, 2025, interrogatory responses informed Plaintiff that, although Ms. Reed was still Defendant's COO when Plaintiff was terminated, CEO Heather Wathington and CTEO Michelle Diaz made that termination decision without

Ms. Reed's involvement. (ECF No. 62 at 2.) For this reason, deposition of Ms. Reed, a former employee not involved in the decision to terminate Plaintiff, is not proportional to the needs of this case.

Even if the deposition were to produce relevant evidence, the burden of deposing a non-party, former employee who lives in New York outweighs the likely benefit of any deposition. *See* Fed. R. Civ. P. 26(b)(1); *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) (recognizing relevance or discoverability alone does not justify discovery). That is, Defendant has shown that any information Ms. Reed possesses is likely identical to information possessed by iMentor's CEO and CTEO, both of whom were involved in the decision to terminate Plaintiff where Ms. Reed was not. Therefore, the burden to Ms. Reed as a non-party is disproportional to any benefit of the evidence to Plaintiff. *See Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 194, 189 (4th Cir. 2019) (explaining nonparties receive "special solicitude" such that courts apply "[a] more demanding variant of the proportionality analysis" when evaluating whether to quash a third-party subpoena). Defendant's request for a protective order precluding Plaintiff's deposition of Jana Reed (ECF No. 62) is GRANTED.

### III.    Disputes as to Deposition of Plaintiff

Finally, the parties have raised a series of disputes related to Defendant's deposition of Plaintiff on April 2, 2026. Plaintiff's counsel defended that deposition remotely due to limited ability to travel in the period provided for the deposition. (ECF No. 64 at 2.) Counsel for both parties has accused opposing counsel of improper conduct, and the Court addresses these disputes in turn.

## A. Defendant's Request to Extend Deposition

Defendant asserts that, during the deposition of April 2, 2026, Plaintiff's counsel improperly (1) instructed Plaintiff not to answer any questions about her Complaint or her claim; (2) made lengthy speaking objections that coached Plaintiff; and (3) exceeded scope during redirect examination and time during cross-examination.[5]  *See* (ECF No. 64 at 1–2). iMentor requests that, under 28 U.S.C. § 1927 and Rule 30(d), the Court as a sanction award all costs and attorney's fees incurred by iMentor relative to this discovery dispute.  (*Id.*) Additionally, it requests that the Court reopen Ms. Green's deposition for an additional four hours and compel her to answer questions related to her Complaint and claim; require that the reopened deposition occur at the U.S. Courthouse in Baltimore under Court supervision; and require all participating counsel to appear in person.  (*Id.*)  Plaintiff has filed a Letter (ECF No. 69) disputing Defendant's assertions and opposing an extension of her deposition.  As discussed below, she has also filed an Emergency Motion for Other Relief (ECF No. 59).

As Magistrate Judge Austin of this Court has explained, "[r]e-deposing parties 'lie[s] within the discretion of the court.'"  *Palmer v. Maryland*, Civ. No. CDA-22-0899, 2025 WL 1024070, at *1 (D. Md. Mar. 31, 2025) (quoting *Edwards v. Edwards*, Civ. No. DKC-12-3761, 2014 WL 1573504, at *3 (D. Md. Apr. 18, 2024)); *see also Vodrey v. Golden*, 864 F.2d 28, 32 (4th Cir. 1988) (explaining breadth of court's discretion regarding discovery); Fed. R. Civ. P. 30(a)(2)(A)(ii) (requiring party to request leave to depose the same person again).  "A

---

[5]  Defendant argues that Plaintiff's counsel improperly exceeded the scope of redirect examination by questioning Plaintiff about documents and issues not raised during Defendant's examination of Plaintiff.  "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1).  Thus, pursuant to Federal Rule of Evidence 611, the scope of cross-examination "should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."

deposition is relevant if there is 'any possibility that the information sought may be relevant to the claim or defense of any party.'"  *Palmer*, 2025 WL 1024070, at *2 (quoting this Court's opinion in *O'Malley v. Trader Joe's E., Inc.*, Civ. No. RDB-19-3273, 2020 WL 6118841, at *3 (D. Md. Oct. 15, 2020)).  Indeed, a Committee Note to Federal Rule 30(d) explicitly contemplates that a deposition may be extended "[i]f the examination reveals that documents have been requested but not produced . . . ."  *Edwards*, 2014 WL 1573504, at *3 (quoting Fed. R. Civ. P. 30(d) advisory committee's note (2000)); *see Palmer*, 2025 WL 1024070, at *2 (citing *Eckhardt v. Bank of Am., N.A.*, 2008 WL 1995310, at *8 (W.D.N.C. May 6, 2008)).  Thus, this Court has extended a deposition where the testimony is relevant and contemplates questions about which the deposing party was unable to ask the deponent due to non-production.  *See, e.g.*, *Palmer*, 2025 WL 1024070, at *2, 3.

Generally, to determine whether to grant leave to authorize an extended deposition, a district court should consider whether:

> (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had an ample opportunity to obtain the information by discovery; and (3) the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*E.E.O.C. v. Bardon, Inc.*, Civ. No. RWT-08-1883, 2010 WL 1780126, at *1 (D. Md. May 3, 2010) (citing Fed. R. Civ. P. 26(b)(2)(C)(ii)); *see also* Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

In this case, it is appropriate to reopen Ms. Green's deposition to allow questioning related to her Complaint, her claim, and her tax returns.  First, the request to reopen the deposition as to these topics is not "unreasonably cumulative or duplicative" because

Defendant was unable to obtain answers to those questions at the April 2, 2026, deposition. Moreover, the questions relate to information that only Ms. Green, as the Plaintiff, possesses in this case such that the answers cannot be obtained from some other more convenient, less burdensome, or less expensive source. *See Palmer*, 2025 WL 1024070, at *2. Second, because Plaintiff did not disclose the tax information requested despite numerous deficiency letters, Defendant has not had ample opportunity to obtain the information at issue.

Third, the benefit of additional deposition of the Plaintiff is not outweighed by its burden or expense. As Judge Hollander of this Court has recognized, where there is "ample time to take one additional deposition of a person central to the case," it serves judicial efficiency to extend the deposition of a plaintiff. *Boshea v. Compass Mktg., Inc.*, Civ. No. ELH-21-0309, 2023 WL 8357320, at *7 (D. Md. Dec. 1, 2023); *see Edwards*, 2014 WL 1573504, at *4 (affording plaintiff an additional 2 hours to depose defendants); *Cooper v. Balt. Gas & Elec. Co.*, Civ. No. JRR-23-3116, 2025 WL 404246, at *1 (D. Md. Feb. 5, 2025) (authorizing defendants to re-open deposition of plaintiff if additional discovery produced responsive information); *Hatami v. Hatami*, Civ. No. WDQ-14-4004, 2015 WL 4509815, at *3 (D. Md. July 24, 2015) (authorizing defendant to reopen deposition of plaintiff based on late disclosure). It is appropriate to extend Ms. Green's deposition as to her tax information, Complaint, and claim.

Although iMentor requests an additional four deposition hours, three hours is sufficient given the scope of information—Plaintiff's Complaint, her claim, and her tax information—about which it seeks to additionally question Plaintiff. Moreover, given the number of disputes that arose during the April 2, 2026, deposition of Plaintiff, the additional deposition shall occur at the U.S. Courthouse in Baltimore, Maryland, and the parties must

coordinate scheduling such that a U.S. Magistrate Judge of this Court will be available to address disputes as they arise. *See, e.g.*, *Williams v. ESA Mgmt., LLC*, Civ. No. GJH-17-0806, 2017 WL 11494380, at *1 (D. Md. Aug. 25, 2017) (ordering parties to schedule deposition at courthouse); *Rogler v. Fotos*, Civ. No. WDQ-14-228, 2016 WL 264912, at *5 (D. Md. Jan. 21, 2016) (noting parties accepted deposition at courthouse based in part on "great likelihood of continued disputes about the scheduling and location of the parties' depositions"). Finally, all individuals participating in the deposition, including counsel of record for both parties, must attend the deposition in person.[6]  iMentor's request for attorney's fees related to this dispute is DENIED.

### B.  Plaintiff's Emergency Motion for Other Relief

In her Emergency Motion for Other Relief (ECF No. 59),[7] Plaintiff asserts that, during the deposition, iMentor improperly (1) asserted that Plaintiff's counsel could not, in cross-examination, present documents not introduced during iMentor's direct examination, even though such documents were already in discovery; and (2) stopped the deposition during redirect on the basis that Plaintiff's counsel (a) obstructed his attempts to ask Plaintiff about the Complaint and (b) improperly exceeded the scope of redirect. *See* (ECF No. 59).  Plaintiff

---

[6] This Court has already addressed numerous discovery disputes in this matter, including disputes arising from defense counsel's assertion that Plaintiff's counsel refused to turn on her camera during Plaintiff's deposition. *See, e.g.*, (ECF Nos. 51, 52, 53, 54, 55).  Plaintiff's counsel has filed a declaration in which she notes that "[b]efore the deposition began, the parties had an initial dispute over usage of a Zoom link because [Plaintiff's counsel] was concerned Defendant would try to end the deposition and prevent Plaintiff from making a record, given the events leading up to the deposition." (ECF No. 59-1 at 2 ¶¶ 3, 6.)  In light of the parties' numerous disputes as to Plaintiff's deposition, Defendant's request, and Plaintiff's concern regarding remote deposition, the additional deposition must occur in person at the U.S. Courthouse in Baltimore.

[7] Plaintiff's Emergency Motion is in violation of this Court's Informal Discovery Order (ECF No. 30-1), which specifically orders the parties that, consistent with Rule 16(b)(3)(B)(v), "before moving for an order relating to discovery the moving party must request a conference with the court" and "[t]his policy shall be followed **before** the filing of any motions related to discovery disputes." (ECF No. 30-1 at 1 (emphasis in original).)

argues that her deposition is incomplete, but she does not seek to extend the deposition. (ECF No. 59 at 1, 9–10; ECF No. 67 at 11.) Rather, she requests a finding that defense counsel's conduct violated Federal Rules Civil Procedure 30(c)(2) and 30(d)(3) and seeks an order that Defendant may not object in dispositive motions practice to her reliance on Laura Green's declaration and related exhibits blocked during re-direct examination. (ECF No. 59 at 10, ECF No. 67 at 12.) Defendant has responded in Opposition (ECF No. 65), and Ms. Green has replied (ECF No. 67).

Plaintiff generally invokes Rule 30, *see* (ECF No. 59 at 1), and the Court construes her request to preclude Defendant from raising certain objections pursuant to Federal Rule Civil Procedure 30(d)(2). Under Rule 30(d)(2), the Court "may impose an appropriate sanction— including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 30(d)(2) sanctions are discretionary. *Francisco v. Verizon S., Inc.*, 756 F. Supp. 2d 705, 712 (E.D. Va. 2010). Courts within the Fourth Circuit have typically authorized such sanctions only upon evidence of "egregious" conduct. *See, e.g., Li v. Chung, LLC*, 2025 WL 3124484, at *4 (W.D. Va. Nov. 7, 2025) (declining to award Rule 30(d)(2) sanctions because conduct was not "egregious"); *Lowe for Taylor v. Cerner Health Servs., Inc.*, 2020 WL 6591649, at *3 (E.D. Va. Feb. 21, 2020) (declining to award sanctions because conduct was not sufficiently obstructive).

Sanctions are not appropriate in this case. As an initial matter, as noted above, Plaintiff's Motion does not comply with this Court's informal discovery procedure. *See* (ECF No. 30-1). Moreover, counsel for all parties must observe the Federal Rules of Civil Procedure and the Local Rules of this Court, including this Court's Discovery Guidelines. *See* Loc. R.

13

App. A (D. Md. 2025); *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 582–83 (D. Md. 2010); *Freeman v. Schointuck*, 192 F.R.D. 187, 189–90 (D. Md. 2000).  As relevant to discovery disputes, Local Rule 104.7 (D. Md. 2025) explicitly provides:

> Counsel shall confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court. A "reasonable effort" means more than sending an email or letter to the opposing party. It requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter.

In this case, Plaintiff's counsel has not shown that the parties made a "reasonable effort" to confer within the meaning of Local Rule 104.7.[8]  Finally, even if the motion were procedurally proper, the conduct at issue is not sufficiently egregious to warrant sanction under Rule 30(d)(3).  *See Li*, 2025 WL 3124484, at *4.  Although defense counsel stopped the deposition, he informed Plaintiff's counsel that he would follow this Court's informal discovery procedure and immediately raised the issue to this Court pursuant to that procedure.  Moreover, to the extent that Plaintiff asserts that her deposition is incomplete, the Court has ordered three additional deposition hours.[9]  Accordingly, Plaintiff's Emergency Motion for Other Relief (ECF No. 59) is DENIED.

---

[8]  Although Plaintiff indicates that "the parties conferred during the deposition," the deposition transcripts provided do not show reasonable efforts at a conference within the meaning of Local Rule 104.7.  Indeed, each party's filings as to the deposition disputes are not responsive to the other's filing on similar issues, which suggests that the parties have not appropriately conferred before raising these issues to this Court.

[9]  Plaintiff argues that Defendant improperly terminated the deposition to address the pending discovery disputes, while Defendant argues that Plaintiff's counsel improperly gave lengthy speaking objections that coached Plaintiff.  Under Federal Rule Civil Procedure 30(c)(2), objections "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."  "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2).  It does not appear that Plaintiff's

**CONCLUSION**

For the reasons stated above, it is this 21st day of April 2026 hereby ORDERED that:

1. Defendant's Request to Compel Plaintiff's State and Federal Tax Returns (ECF No. 64) is GRANTED;

2. Defendant's Request for Protective Order (ECF No. 62) is GRANTED;

3. Plaintiff's deposition shall be REOPENED for an additional 3 hours;

4. That deposition SHALL OCCUR at the U.S. Courthouse at 101 West Lombard Street in Baltimore, Maryland, and Plaintiff and counsel of record for all parties must attend in person;

5. The parties SHALL SCHEDULE the deposition at a time and date that will allow a U.S. Magistrate Judge of this Court to address any disputes as they arise;

6. Plaintiff MUST ANSWER questions about her Complaint and claim notwithstanding objection by her counsel;

7. Defendant's request for attorney's fees related to the parties' deposition disputes is DENIED;

8. Plaintiff's Emergency Motion for Relief Arising from Interruption of Re-Direct Examination of Plaintiff (ECF No. 59) is DENIED; and

---

objection to questions regarding the Complaint was based on privilege or Court-ordered limitation. As discussed above, to the extent Plaintiff's Emergency Motion (ECF No. 59) is a motion under Rule 30(d)(3), it is procedurally improper under this Court's Informal Discovery Order, Local Rules, and Discovery Guidelines. *See, e.g.,* Loc. R. App. A, Guideline 6(b) (rendering it "presumptively improper for an attorney to make objections which are not consistent with Fed. R. Civ. P. 30(c)(2)"); (ECF No. 30-1). To the extent that defense counsel unilaterally stopped the deposition based on Plaintiff's refusal to answer certain questions, this too was procedurally improper.

9. The Clerk of this Court shall transmit copies of this Memorandum Order to

counsel of record.

/s/
_____
Richard D. Bennett
United States Senior District Judge

16