**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LAURA GREEN, | * |
| *Plaintiff,* | * |
| v. | *   Civil Action No. RDB-24-2567 |
| iMENTOR, INC., | * |
| *Defendant.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is Plaintiff Laura Green's Motion for One-Week Extension of Time to File a Response to Defendant's Motion for Summary Judgment ("Motion to Extend"), filed in the evening of June 11, 2026, just one day before the filing deadline of June 12, 2026. (ECF No. 78.) Defendant iMentor filed a Response this morning, June 12, 2026. (ECF No. 79.) The Court has reviewed the parties' submissions. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). As explained below, Ms. Green's Motion to Extend (ECF No. 78) is DENIED.

Local Rule 105.2(a) of this Court states that a party has fourteen days to file a response to any motion by an opposing party. Loc. R. 105.2(a) (D. Md. 2025). Pursuant to Federal Rule of Civil Procedure 6(b), a trial court may extend a filing deadline if the moving party demonstrates "good cause" to do so. Fed. R. Civ. P. 6(b). District courts have broad discretion to manage discovery and schedules. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

1

In this case, iMentor filed its Motion for Summary Judgment on May 29, 2026. (ECF No. 76.) Under Local Rule 105.2(a), Ms. Green's deadline to file a response to that Motion is today, June 12, 2026. Last night, on the eve of her deadline, she filed the pending Motion to Extend. (ECF No. 78.) She seeks a one-week extension to June 19, 2026. (*Id.*) She claims that good cause exists because the Motion for Summary Judgment is dispositive and she requires "a brief extension to complete her response, finalize record citations, and ensure that the issues are fully and accurately presented to the Court." (*Id.* at 2.) She also alleges that she has had to schedule multiple depositions since May 29, 2026. (*Id.*) To be clear, those depositions were for other cases, not this one.

There is no good cause to extend the deadline in this case. As iMentor notes in its Response (ECF No. 79), United States Magistrate Judge Chelsea Crawford discussed the deadlines for filing summary judgment motions in this case, as well as any responses thereto, with both parties during her hearing in this case of April 27, 2026. (*Id.* at 2.) Ms. Green's argument to extend, that good cause is created by the dispositive nature of a summary judgment motion, is unavailing. The Local Rules of this Court permit fourteen days to file a response in *all* cases and for *all* motions. This case, a one-count claim of race discrimination pursuant to 42 U.S.C. § 1981 does not present unique circumstances rendering the ordinary fourteen-day deadline unrealistic or unattainable. Parties consistently respond to dispositive motions within the fourteen-day deadline even despite the busy caseloads of their attorneys. Ms. Green's motion was filed at the last minute, just one day before the response deadline. She has not demonstrated good cause simply by stating that she asked for an extension before time ran out.

Finally, the Court notes that Ms. Green has previously sought multiple deadline extensions and other accommodations from this Court on the cusp of important deadlines. For example, on March 11, 2026, with less than a month until the close of discovery, Ms. Green sought (ECF No. 46) and was granted a two-week extension on all deadlines, particularly an extension on the discovery deadline from April 8, 2026, to April 22, 2026. *See* (ECF No. 47 (this Court's Paperless Order granting the extension)). Then, just twelve days later on March 23, 2026, she filed a *second* motion to extend time to complete discovery, seeking an additional sixty days beyond the two weeks already granted. (ECF No. 51.) This Court denied that motion by Memorandum Order on March 31, 2026, finding that good cause did not exist to extend the deadlines any further. (ECF No. 56.) As a final example, on the same day that she filed her second motion to extend time for discovery, March 23, 2026, Ms. Green filed a motion to compel the deposition of one of iMentor's former employees, Derek Smith, on March 23, 2026. *See* (ECF No. 52 (the Motion)); *see also* (ECF No. 58 (this Court's Memorandum Order denying that Motion)). This motion to compel came with less than one month until the extended April 22, 2026, discovery deadline and after months of discovery as to the sole remaining count in this case, a claim of race discrimination pursuant to 42 U.S.C. §1981. (ECF No. 58.) This Court denied that motion, as well. The pending Motion to Extend (ECF No. 78) follows the recent patten. No good cause has been shown to extend this ordinary filing deadline any further.

In sum, Ms. Green has not met her burden of demonstrating good cause to extend this Court's routine response deadline of fourteen days. Her Motion to Extend (ECF No. 78) is therefore DENIED. It is SO ORDERED this 12th day of June 2026.

_/s/_____

Richard D. Bennett
United States Senior District Judge